IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00853-MSK-BNB

GERALD KENNETH JORGENSEN,

       Plaintiff,

v.

CITY OF WESTMINSTER, COLORADO,
POLICE CHIEF DAN MONTGOMERY, individually and as an
    employee of the City of Westminister,
EUGENE BOEPSFLUG, Commander of Swat Team, individually and as an
    employee of the City of Westminster,
OFFICER NORMAN HAUBERT,
OFFICER BRIAN HEMPELMAN,
OFFICER SCOTT LACHANCE,
OFFICER DAVID LESTER,
DETECTIVE STEVE HOLTON, and
JOHN DOE(S), POLICE OFFICERS OF THE CITY OF WESTMINSTER COLORADO,
    all individually and as employees of the city of Westminster,

       Defendants.

---

## ORDER GRANTING, IN PART, AND DENYING, IN PART, THE DEFENDANTS' MOTION TO DISMISS

---

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss First

Amended Complaint (**#22**), to which the Plaintiff responded (**#24**), and the Defendants replied

(**#25**). Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

## I. Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Background

The Plaintiff, Gerald Kenneth Jorgensen, asserts claims against the City of Westminster, Colorado, its police chief, its SWAT team commander, and various officers under 42 U.S.C. § 1983 and Colorado law.

All of the Plaintiff's claims are premised upon an incident which took place in May 2005. The Plaintiff claims that while he was a guest at a motel room located in Westminster, Colorado, the Defendants advised him that he was under arrest, ordered him to vacate the motel room, fired gas into the motel room, then used an explosive device to blow off the motel room door.  He claims that he then left the motel room and surrendered.  He alleges that the Defendants then assaulted him using their feet, knees, fists, hands and other weapons.  He alleges that he was then moved to another location, where several police officers continued to beat him, causing him injury.  He alleges that the conduct of the officers "was an apparent implementation or execution of a municipal policy, custom or practice of the City of Westminster."

Based upon these alleged facts, the Plaintiff asserts six claims for relief.  Claims 1 and 2 are asserted pursuant to 42 U.S.C. § 1983.  Claim 1 alleges excessive force by all of the Defendants in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Claim 2 alleges that the Defendants conspired to violate the Plaintiff's civil

rights.[1]  The remaining four claims are Colorado tort claims.  Claim 3 alleges assault and battery by all Defendants, Claim 4 alleges the infliction of emotional distress by all Defendants, Claim 5 alleges negligence by Defendants Haubert, Hempelman, Holton, LaChance, and Lester, and Claim 6 alleges negligence by Defendants City of Westminster, Montgomery and Boepsflug.

### III.  Issue Presented

The Defendants move to dismiss many, but not all, of the Plaintiff's claims pursuant to either Fed. R. Civ. P. 12(b)(6) or 12(b)(1).  The issue presented is whether any of the Plaintiff's claims should be dismissed.

### IV.  Standard of Review

The Defendants move to dismiss certain claims pursuant to Fed. R. Civ. P. 12(b)(6). Under this rule, a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted.  There is a strong presumption against the dismissal of claims under this rule.  *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999).  The Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the Plaintiff.  *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991).  Only if the Plaintiff can allege no set of facts in support of his claims is dismissal appropriate.  *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

The Defendants move to dismiss other claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Rule 12(b)(1) motions generally take one of two forms.  *See Stuart*

---

[1] Claim 2 references 42 U.S.C. § 1983 and makes no reference to the Colorado Constitution. However, the Amended Complaint generally alleges a violation of the Colorado Constitution.  In his response to the motion to dismiss, the Plaintiff clarifies that Claim 2 alleges a conspiracy to violate his civil rights, including his due process rights under the Colorado Constitution.

*v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001).  The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests.  *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003).  Here, the Defendants confine their motion to the allegations in the Amended Complaint.

## V.  Analysis

### A.  Claim 1 (Excessive Force)

Claim 1 is an excessive force claim.  The Defendants do not move to dismiss this claim.[2] Rather, they ask the Court to rule that because the Plaintiff alleges the use of excessive force during his arrest and post-arrest detention, the claimed violations of the Fifth, Eighth and Fourteenth Amendments are not cognizable, and the claim is limited to one under the Fourth Amendment.  The Plaintiff responds that his claim is not limited to the Fourth Amendment because, based upon the factual circumstances of his arrest, he believes that he was a pretrial detainee.

The Defendants concede that a claim is stated under the Fourth Amendment, which applies to state actors through the Fourteenth Amendment.  Therefore, their motion to dismiss Claim 1 is denied.  Whether the Plaintiff was a pretrial detainee following his arrest, and consequently, whether the Fifth or Eighth Amendments have any application to his claim, is not

---

[2] Nor have they argued that the City or Defendants Montgomery and Boepsflug cannot be liable pursuant to *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978), or *Jenkins v. Wood,* 81 F.3d 988, 993 (10th Cir. 1996).  Thus, the Court does not address municipal or supervisory liability in this ruling.

something which the Court decides at this juncture.

**B. Claim 2 (Conspiracy to Violate Civil Rights)**

Claim 2 is a conspiracy claim.  The Defendants argue that the Plaintiff has failed to state a claim upon which relief may be granted because the allegations of conspiratorial conduct are too conclusory.[3]  The Plaintiff responds that he has pled sufficient facts in support of this claim.  He premises this contention upon allegations that Defendants Montgomery and Boepsflug were responsible for the training and conduct of the SWAT team members, and upon allegations that Defendants Haubert, Hempelman, Holton, LaChance, and Lester were members of the SWAT team.  He also points to the allegations of paragraphs 38 and 39 of the Amended Complaint.

To adequately plead a conspiracy claim, a plaintiff must plead specific facts which tend to show agreement and concerted action.  *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).  "[M]ere conclusory allegations with no supporting factual averments are insufficient[.]" *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983).

The allegations comprising the conspiracy claim are set forth in paragraphs 36 through 41 of the Amended Complaint.  Such paragraphs allege:

> 36.     Plaintiff incorporates herein by reference all other paragraphs of this complaint as if those allegations were set out explicitly herein.
>
> 37.     This is a cause of action brought by the plaintiff against defendants for conspiring to deprive plaintiff of his constitutional and statutory rights by attempting to prevent public disclosure of material information of wrongful acts and, thereby, obstruct justice.

---

[3] The Defendants also argue that, to the extent that the claim is premised upon the Colorado Constitution, the Colorado Constitution creates no private right of action.  It is not necessary to address this contention.

38.     Defendants acted jointly, severally, in cooperation with, and in conspiracy with, others and/or under direction of known or unknown parties and acting under color of state law have purposely hidden and failed to disclose material evidence, created false evidence, and obstructed justice by intentionally stopping the videotaping of the officers beating plaintiff, with the asserted intent to cover up the wrongful acts of the defendants.

39.     The conspiracy of the defendants to hide, prevent, or manipulate material evidence not only impacted plaintiff's civil rights as set forth in this complaint but also impacted potential defenses and rights of the plaintiff pursuant to Rule 16 of the Colorado Rules of Criminal Procedure.

40.     Defendants conspired to violate plaintiff's statutory civil rights by acting in concert to ignore plaintiff's claims of abuse and thereby creating an atmosphere of intimidation and coercion in an attempt to use such atmosphere to place an imbalance of justice upon the plaintiff from pending criminal court matters.

41.     All such violations of plaintiff civil rights are described in this complaint and said violations are all in violation of 42 USC Section 1983, and were done with malice and willful disregard for the rights of plaintiff entitling the plaintiff to exemplary damages.

These allegations are vague, non-specific, and point to no particular conduct by any particular Defendant.  This claim is asserted against all Defendants, but the Plaintiff's claim against Defendants Montgomery and Boepsflug is based solely upon their supervisory role.[4]  Put simply, the allegations do not give the Defendants notice of the particular conspiracy claim asserted.  For this reason, the Plaintiff has failed to state a claim for conspiracy.  However, the Court will give him a further opportunity to amend his complaint.

_____

[4] As with Claim 1, the Defendants make no assertion that the allegations are insufficient to establish liability under *Monell* or *Jenkins*.

6

**C.  Claims 3 (Assault and Battery), 4 (Infliction of Emotional Distress), and 6 (Negligence) against the City of Westminster**

The City of Westminster argues that Claims 3, 4 and 6 are barred under the Colorado Governmental Immunity Act ("CGIA") because the City did not waive its immunity as to such claims.  The Plaintiff responds that the City cannot claim immunity because the assault and battery was willful and wanton.  He also contends that the City can be liable if its employees or agents deprive a person of constitutional rights by implementing a municipal policy.

The Plaintiff confuses municipal liability under 42 U.S.C. § 1983 with immunity from tort liability under the CGIA.  Claims 3, 4 and 6 are Colorado tort claims, not federal civil rights claims.  Whether the City is immune from liability on such claims is governed by Colorado law.

Pursuant to § 24-10-106(1):

> (1) A public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section. . . .

The City is a "public entity" within the meaning of this statute.  *See* § 24-10-103(5), C.R.S.  The CGIA provides for a waiver of sovereign immunity in specific, discrete circumstances, none of which are applicable to the tort claims asserted against the City in this case.  The Plaintiff does not contend that there has been an express waiver of sovereign immunity pursuant to § 24-10-104, C.R.S.  Therefore, the Plaintiff's allegations do not support Claims 3, 4 and 6 against the City.

**D.  Claims 3 (Assault and Battery), 4 (Infliction of Emotional Distress), and 6 (Negligence) against Defendants Montgomery and Boepsflug**

Defendants Montgomery and Boepsflug argue, *inter alia*, that they are entitled to immunity from liability under the CGIA because there are no allegations that they engaged in

7

willful or wanton conduct.  The Plaintiff responds that, because the assault and battery was willful and wanton, these Defendants cannot claim immunity.  In support of his contention, the Plaintiff points to the allegations set forth in the Amended Complaint.

The CGIA prohibits the assertion of tort claims against public employees absent a specific waiver or willful and wanton conduct.  *See* §§ 24-10-106, 24-10-118, C.R.S.  The factual basis of willful and wanton conduct must be specifically alleged in a complaint or the tort claim "shall" be dismissed for failure to state a claim upon which relief may be granted.  §§ 24-10-110(5)(a) & (b), C.R.S.

There are no allegations of any specific conduct taken by Defendants Montgomery and Boepsflug.  Indeed, the claims asserted against them are premised upon a theory of vicarious liability for the willful and wanton acts of others.  The Plaintiff alleges that these Defendants failed to adequately train their subordinates not to exert excessive force, failed to adequately supervise and control their subordinates, and failed to discipline officers, or take corrective action, after excessive force was used.  There are no allegations that either Defendant Montgomery or Defendant Boepsflug engaged in any willful or wanton behavior.  Thus, the Plaintiff's allegations are insufficient to support Claims 3, 4 and 6 against these two Defendants.

**IT IS THEREFORE ORDERED** that:

(1)      The Defendants' Motion to Dismiss First Amended Complaint **(#22)** is

**GRANTED**, in part, and **DENIED**, in part.

(2)      The Plaintiff shall have until **March 16, 2007** to file a Second Amended Complaint

curing the deficiencies of the Amended Complaint described herein, failing which

Claim 2 will be dismissed as to all Defendants, and Claims 3, 4 and 6 against

Defendants City of Westminster, Montgomery and Boepsflug will be dismissed.

Dated this 6th day of March, 2007

BY THE COURT:

Marcia S. Krieger
United States District Judge