IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00853-MSK-BNB

GERALD KENNETH JORGENSEN,

Plaintiff,

v.

POLICE CHIEF DAN MONTGOMERY, individually and as an employee of the City of Westminster,
EUGENE BOESPFLUG, COMMANDER OF SWAT TEAM, individually and as an employee of the City of Westminster,
OFFICERS NORMAN HAUBERT,
BRIAN HEMPELMANN,
SCOTT LACHANCE,
DAVID LESTER,
DETECTIVE STEVE HOLTON, and
JOHN DOE(S), POLICE OFFICERS OF THE CITY OF WESTMINSTER, COLORADO, all individually and as employees of the City of Westminster,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following:

(1) **Defendants' Motion to Strike Designation of Expert Witness** [Doc. # 48, filed 8/21/2007] (the "Motion to Strike"); and

(2) Plaintiff's **Motion for Extension of Time to Obtain Expert Witness** [Doc. # 53, filed 9/3/2007] (the "Motion for Extension").

I held a hearing on the motions on September 27, 2007, and took the matters under advisement. I now GRANT the Motion to Strike and DENY to Motion for Extension.

I. Motion to Strike

The Motion to Strike seeks an order striking the testimony of Joseph Sandoval, identified by the plaintiff as an expert in the field of "excessive force by police officers/denial of constitutional rights." Motion to Strike at Exh.A, p.2. [Doc. # 48-2]. In support of their motion to strike Mr. Sandoval as an expert, the defendants argue:

> Pursuant to the Scheduling Order, Plaintiff's expert disclosure deadline was June 28, 2007.  On that date, Defendants received by way of facsimile Plaintiff's Disclosure of Expert Witnesses which designated four expert witnesses, one of which was Joseph Sandoval, a purported expert in the fields of excessive force and constitutional law. . . . But while the designation was received by that date, Plaintiff failed to provide Defendants with an expert report, a curriculum vitae, a fee schedule, or a testimonial history for Mr. Sandoval as required by Fed. R. Civ. P. 26(a)(2)(B).

Motion to Strike at ¶2.

The parties apparently entered into an agreement by which the plaintiff could make the required disclosures no later than July 20, 2007.  Id. at ¶3.  That agreement notwithstanding:

> Defendants did not receive these required items by July 20, 2007. However, on July 24, 2007, Mr. MacFarlane [plaintiff's counsel] contacted undersigned counsel to advise that Mr. Sandoval would no longer be designated as an affirmative expert witness, but may be designated as a rebuttal expert by the deadline of August 7, 2007.  Mr. MacFarlane agreed to formally withdraw Mr. Sandoval as an affirmative expert by way of a pleading with the Court. . . .
>
> Defendants timely made their expert disclosures on July 27, 2007, fully complying with the requirements of Rule 26(a)(2)(B).  On August 7, 2007 (the rebuttal expert deadline), Mr. MacFarlane contacted undersigned counsel seeking a one week extension to designate Mr. Sandoval as a rebuttal expert witness. Undersigned agreed thus rendering the deadline August 14, 2007.  On August 14, Mr. MacFarlane informed undersigned counsel that he would provide the report by the close of business that day, a

> representation that was similarly not followed through with over the course of the next several days.
>
> On August 16, 2007, Mr. MacFarlane left a voicemail with undersigned counsel indicating that Mr. Sandoval simply was "too busy" to prepare a report and further that Mr. Sandoval was available for a deposition on August 29, 2007. Mr. MacFarlane further noted that Mr. Sandoval's general opinion was that "the force used was inappropriate," and listed those items that Mr. Sandoval reviewed in coming to this general opinion. Mr. MacFarlane suggested that Defendants take Mr. Sandoval's deposition without first being provided an expert report (as well as the other required items under Rule 26(a)(2)(B)). To date [August 21, 2007], Defendants have yet to receive any pleading designating Mr. Sandoval as a rebuttal expert witness, nor have they received any information from Mr. Sandoval required under Rule 26(a)(2)(B). It was this sequence of frustrating events which led to the filing of the present motion.

Id. at ¶¶4-6.

The defendants' statement of events is not disputed by the plaintiff. In addition, the plaintiff states that he did not meet with Mr. Sandoval until "several days before the June 28, 2007 deadline for designation of expert witnesses,"[1] Response to Defendants' Motion to Strike Designation of Expert Witness [Doc. # 54, filed 9/4/2007] (the "Response") at p.1; acknowledges that "[b]ecause of his schedule and teaching requirements Mr. Sandoval was unable to prepare a report by the June 28, 2007 deadline," id. at p.2; and acknowledges further that Mr. Sandoval could not meet the extended deadline to submit a rebuttal expert report due to "unexpected teaching responsibilities [that] have precluded him from being able to devote the time necessary to adequately review the material and draft a report." Id. at p.3. The Response reports that Mr.

---

[1] The expert deadlines at issue were established in an Order entered on February 21, 2007 [Doc. # 37]. There is no explanation for the plaintiff's delay of approximately four months--until "several days before" June 28--to contact Mr. Sandoval.

3

Sandoval "fully expects to have his report completed within a few days of this pleading [September 4, 2007]." Id.

At oral argument on September 27, 2007, I was informed that Mr. Sandoval had provided his curriculum vitae and a statement of his opinions, but still had not provided the compensation he was to be paid or a listing of any other cases in which he had testified as an expert at trial or by deposition within the last four years. See Fed. R. Civ. P. 26(a)(2)(B).

I begin with the plaintiff's inexcusable failure to comply with the Scheduling Order [Doc. # 11, filed 7/21/2006], as modified by an Order entered on February 21, 2007 [Doc. # 37]. Those orders required the disclosure of the plaintiff's experts and all information specified in Rule 26(a)(2) by June 28, 2007, and the disclosure of the plaintiff's rebuttal experts and all Rule 26(a)(2) information by August 7, 2007. A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. See, e.g., Washington v. Arapahoe County Dept. of Social Services, 197 F.R.D. 439, 441 (D. Colo. 2000); Widhelm v. Wal-Mart Stores, Inc., 162 F.R.D. 591, 593 (D. Neb. 1995); Gestetner Corp. v. Case Eqpt. Co., 108 F.R.D. 138, 141 (D. Me. 1985). Although the defendants apparently agreed to modify the requirements of the Scheduling Order concerning expert disclosures, I am not bound by those modifications, as the Scheduling Order itself makes clear. Scheduling Order [Doc. # 11] at p.7. (containing the court mandated statement that "[n]othwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court"); see D.C.COLO.LCivR Appendix F at Part 8(d)(5).

A deadline established in a scheduling order may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b). In this context, good cause has been interpreted to mean:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. In addition:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997)(internal citations omitted.)

No motion to extend the expert deadlines with respect to Mr. Sandoval's report has been filed. No showing has been made that the plaintiff could not have met the expert deadlines through the exercise of reasonable diligence.

Overlying the general requirement of good cause to amend a scheduling order is the specific rule contained in Rule 37(c)(1), Fed. R. Civ. P., and applicable to expert witnesses:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the sanctions authorized under subparagraphs (A), (B), and

5

>> (C) of subdivision (b)(2) of this rule and may include informing the
>> jury of the failure to make the disclosure.

In this case, the plaintiff did not disclose the opinions of Mr. Sandoval until sometime after September 4, 2007, see Response at p.3 (noting that Mr. Sandoval "fully expects to have his report completed within a few days of this pleading [September 4, 2007]"), and then only in the face of the defendants' Motion to Strike.  Even those disclosures were incomplete, and remained incomplete through argument on the Motion to Strike on September 27, 2007.  So far as I am informed, the plaintiff still has not fully complied with the requirements of Rule 26(a)(2)(B).

The plaintiff's attempts to excuse his failure to meet his expert disclosure requirements because Mr. Sandoval "is not an 'expert for hire'", Response at p.2; is a "full-time professor" and has been "responsible for a full schedule of teaching," id.; was unable to meet the expert report deadline because of "his schedule and teaching requirements"; and was unable to meet even the extended deadline allowed by the defendants because of "unexpected teaching responsibilities," id. at pp.2-3, are unavailing.  To the contrary:

>> A party may not simply retain an expert and then make whatever
>> disclosures the expert will or is able to make notwithstanding the
>> known requirements of Rule 26.  The adverse party should not be
>> placed at a disadvantage or be deprived of the full benefits of Rule
>> 26 by the selection of an expert who cannot or will not make the
>> required disclosures.  The selection and retention of an expert
>> witness is within the control of the party employing the expert.  To
>> the extent that there is a disadvantage created by the expert's failure
>> to disclose it must be borne by the party retaining the expert
>> witness.

Nguyen v. IBP, Inc., 162 F.R.D. 675, 681-82 (D. Kan. 1995).

I find that there is no "substantial justification" for the plaintiff's failure to make full expert disclosures concerning Mr. Sandoval within the time allowed.

Nor is the failure harmless. The discovery cut-off in the case was September 4, 2007. Mr. Sandoval's disclosures had not been made by that date, precluding the defendants from deposing him unless the discovery cut-off was extended. In addition, the district judge required that Rule 702 motions addressing experts be filed by the dispositive motion deadline, Pre-Trial Preparation and Trial Setting Order--Civil [Doc. # 14, filed 7/24/2007] at p.2--in this case, September 24, 2007.[2] It would be unreasonable and unfair to require the defendants to file Rule 702 motions before the plaintiff had made complete Rule 26(a)(2)(B) disclosures and without the benefit of the expert's deposition.

The standard for striking an expert based on a late designation is set out in <u>Summers v. Missouri Pacific Railroad System</u>, 132 F.3d 599, 604 (10th Cir. 1997):

> The decision to exclude evidence is a drastic sanction. Because district courts are given wide latitude in this area, we reverse only for abuse of discretion.
>
> \* \* \*
>
> Our determination turns on four factors:
>
> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

As noted above, the defendants would be substantially prejudiced if Mr. Sandoval were allowed to testify. First, so far as I am informed Mr. Sandoval still has not disclosed his testimonial history; second, the defendants have not had an opportunity to depose him on the

---

[2] I note in addition that the district judge has set a Rule 702 hearing for November 16, 2007.

7

opinions finally disclosed after the discovery cut-off; and third, the defendants are deprived of an opportunity to file a Rule 702 motion as a result of his late report.

There is no ability reasonably to cure the prejudice. Discovery is closed, and the deadline to file Rule 702 and dispositive motions has expired. I set a case schedule on July 21, 2006 [Doc. # 11], and substantially modified it on February 21, 2007 [Doc. # 37]. The plaintiff simply ignored the established expert deadlines. It is unreasonable to expect the court to set a new schedule and the defendants to suffer extended deadlines simply because the plaintiff has failed to comply with those previously established.

I cannot allow Mr. Sandoval to testify at trial unless I completely modify important case deadlines which already have expired, including the discovery cut-off, dispositive motion deadline, and deadline for filing Rule 702 motions. The substantial extensions which would be necessary would unreasonably disrupt the orderly and efficient processing of this and other cases.

The plaintiff alone is responsible for his failures to comply with the expert deadline. He selected Mr. Sandoval and is responsible for Mr. Sandoval's compliance with the requirements of Rule 26(a)(2)(B). The defendants attempted repeatedly and in good faith to accommodate the delays, but the plaintiff and Mr. Sandoval failed to comply even with the generous extensions allowed by the defendants.

I can think of no justification for rewarding the misconduct of the plaintiff and his expert and burdening the defendants by allowing Mr. Sandoval to testify under the facts and circumstances presented here.

II.  Motion for Extension

The plaintiff's Motion for Extension requests a six week enlargement of time within which the plaintiff may disclose a criminologist or other crime scene expert to analyze a "seeming" contradiction arising between photographs and videos of the crime scene, on the one hand, and the condition of a window curtain, on the other hand.  Motion for Extension at ¶3.  The motion recites that plaintiff's counsel was given access to the evidence on July 26, 2007, however.  The plaintiff offers no explanation for his delay until September 3, 2007, to request additional time to engage an expert on this issue.  There is an utter failure to establish good cause for the requested extension.  See Fed. R. Civ. P. 16(b).

III.  Conclusion

IT IS ORDERED that the Motion to Strike is GRANTED.

IT IS FURTHER ORDERED that the Motion for Extension is DENIED.

Dated October 19, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge