IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00853-MSK-BNB

GERALD KENNETH JORGENSEN,

    Plaintiff,

v.

POLICE CHIEF DAN MONTGOMERY, individually and as an
   employee of the City of Westminister,
EUGENE BOEPSFLUG, Commander of Swat Team, individually and as an
   employee of the City of Westminster,
OFFICER NORMAN HAUBERT,
OFFICER BRIAN HEMPELMAN,
OFFICER SCOTT LACHANCE,
OFFICER DAVID LESTER,
DETECTIVE STEVE HOLTON, and
JOHN DOE(S), POLICE OFFICERS OF THE CITY OF WESTMINSTER COLORADO,
   all individually and as employees of the city of Westminster,

    Defendants.

## ORDER ON MOTIONS

THIS MATTER comes before the Court on the following motions filed by the Defendants: (1) a motion to dismiss claims asserted in the Second Amended Complaint **(#44),** to which the Plaintiff responded **(#46)** and the Defendants replied **(#47);** and (2) a motion for partial summary judgment **(#68)**, to which the Plaintiff responded **(#80)** and the Defendants did not reply. Having considered the same, the Court finds and concludes as follows.

### I. Jurisdiction

For purposes of determining the instant motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Procedural Background

The Plaintiff, Gerald Kenneth Jorgensen, asserts claims against the Defendants in a Second Amended Complaint. Altogether there are four claims, two asserted pursuant to 42 U.S.C. § 1983, and two asserted pursuant to Colorado law.[1]

In Claim 1, Mr. Jorgensen alleges the use of excessive force against him in violation of the Fourth Amendment to the United States Constitution. In Claim 2, he alleges a conspiracy to use excessive force and to obstruct justice in violation of his rights under the Fourth, Fifth and Fourteenth Amendments. Claim 3 is an assault and battery claim. Finally, Claim 4 alleges the infliction of emotional distress. All four of these claims are asserted against Defendants Norman Haubert, Brian Hempelman, Scott LaChance, David Lester, and Steve Holton. The only claim asserted against Defendants Dan Montgomery and Eugene Boepsflug is Claim 2.

The Defendants move to dismiss Claim 2 for failure to state a claim.[2] They also move for summary judgment on Claim 2, as well as on the "Plaintiff's damages claims of brain and nerve damage." The Plaintiff opposes both motions.

## III. Motion to Dismiss

**A. Standard of Review**

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption

---

[1] There were previously six claims, including claims asserted against the City of Westminster, but pursuant to the parties' stipulation, several claims, including all of those asserted against the City, have been dismissed. The only claims remaining are the four listed here.

[2] In their motion to dismiss, the Defendants made several additional arguments which became moot after the parties stipulated to the dismissal of claims. The only argument which the parties' stipulation did not address was the motion to dismiss the conspiracy claim.

against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). A plaintiff is not required to include detailed factual allegations in a complaint, but a complaint must contain "more than labels and conclusions" and must consist of more than "a formulaic recitation of the cause of action[.]" *See Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955, 1964-65 (2007). Rather, it must contain factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Id.*

## B. Analysis

The Defendants move to dismiss the Plaintiff's conspiracy claim. They contend that the Plaintiff has failed to sufficiently plead an agreement and concerted action among the alleged conspirators, and that his allegations are merely conclusory. In response, the Plaintiff contends that he has pled sufficient facts to support this claim, and that his allegations are as specific as he can make them.

To state a conspiracy claim, a plaintiff must do more than make conclusory allegations of a conspiracy. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Instead, a plaintiff must allege specific facts which show both an agreement to deprive the plaintiff of his legal rights, as well as concerted action among the defendants. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). However, there is no requirement of an express agreement, nor must the conspirators know all of the details of the conspiracy. *See Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990).

Although the Plaintiff asserts a single conspiracy claim in his Second Amended Complaint,

he actually alleges two separate conspiratorial objectives: (1) to use excessive force against him; and (2) to obstruct justice, particularly with regard to his criminal case, by covering up the use of excessive force, either by preventing the creation of evidence, by destroying evidence, or by falsely reporting the circumstances of the incident. Thus, the Plaintiff actually asserts two different conspiracy claims.

As to the first conspiracy claim, the Plaintiff alleges that on or about May 23 or 24, 2005, he was an invited guest in a motel room located in Westminster, Colorado. He alleges that the Defendants advised him that he was under arrest, ordered him to leave the motel room, fired gas into the motel room and used an explosive device to blow off the motel room door. He alleges that he stepped out of the motel room to surrender, and when he did so, the Defendants assaulted and beat him. He alleges that he was then placed in handcuffs and moved to a different location, after which some (but not all) of the Defendants continued to beat him.

There are no allegations as to who, specifically, assaulted him at each juncture. Instead, the Plaintiff generally alleges that Defendants Haubert, Hempelman, Lachance, Lester and Holton assaulted him. There are no allegations that Defendants Boepsflug or Montgomery participated in the beatings. As to Defendant Boepsflug, the Plaintiff alleges that although he "not immediately present" when the Plaintiff was assaulted, he witnessed the assault from a command post a short distance away and did not stop it. As to Defendant Montgomery, the Plaintiff alleges that he was the chief of police, and although he was not present at the motel and did not witness the assault, he approved of the use of force after the fact.

From these allegations, the Plaintiff has adequately pled his claim that Defendants Haubert, Hempelman, Lachance, Lester, Holton and Boepsflug conspired to use excessive force

4

against him. He sufficiently pleads agreement and concerted action in the form of group conduct, as well as the inaction of Defendant Boepsflug on the scene, which, construed most favorably to the Plaintiff, could constitute a tacit agreement. *Cf. Hafner v. Brown*, 983 F.2d 570, 577-78 (4th Cir. 1992).[3] However, because there are no allegations that Defendant Montgomery was present during the alleged beatings, and the Plaintiff instead only contends that Defendant Montgomery approved of the use of force **after the fact**, there are insufficient facts alleged for a claim against Defendant Montgomery for conspiracy to use excessive force.

As to the second conspiracy claim, the Plaintiff alleges that all Defendants conspired to cover up the use of excessive force. The alleged cover-up included kicking a camera that was filming the beatings, hiding or secreting the resulting videotape for a period of 6 or 7 months and making false statements in police reports that the Plaintiff had been armed with a handgun, that he had shot at officers with a shotgun, that he had been attempting to escape, and that he had fought with the officers.

With regard to this claim, the Plaintiff specifically alleges that, at the motel, Defendants Haubert, Hempelman, Lachance, Lester and Holton kicked aside a video camera that was filming the beatings, with the purpose of preventing a record from being made. He alleges that Defendant Boepsflug failed to timely disclose the existence of the resulting videotape in conjunction with the criminal proceedings against the Plaintiff, despite his role as the chief police department liaison with the district attorney, and that he failed to correct false information in police reports of the

---

[3] *Hafner*, which went to trial, involved a claim that multiple officers conspired to use excessive force. The Fourth Circuit determined that both an agreement and concerted activity could be premised upon the group conduct of the officers to restrain or apply force to the plaintiff, the official relationship shared by the officers, and one officer's failure to prevent, and acquiescence in, the use of excessive force.

5

incident. He alleges that Defendant Montgomery, who was chief of police and supervised all of the other Defendants, knew of but did not order disclosure of the videotape, and instead criticized a law enforcement expert who had viewed the videotape and had opined that the use of force was unjustified. These allegations are sufficient to plead a claim against all Defendants for conspiracy to obstruct justice by covering up the use of excessive force.

### IV. Motion for Summary Judgment

**A. Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e).

Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B. Material Facts**

Although the Plaintiff bears the burden of production on his claims, he presented no evidence with his response to the motion for summary judgment. The only evidence submitted in conjunction with this motion was by the Defendants, and it consisted of the Plaintiff's responses to the Defendants' interrogatories. Construed most favorably to the Plaintiff, the evidence submitted by the Defendants show s that:

1. On May 24, 2005, the Plaintiff was one of several individuals located in a motel room in Westminster, Colorado during a standoff with police which lasted 8 to 9 hours.

2. During the standoff, the police shut off power and water to the room, shot teargas into the room, and blew holes in the wall of the room.

7

3. The Plaintiff decided to surrender and stepped out of the motel room, unarmed, and kneeled down. As he did so, virtually all of the Westminster police officers at the scene, including Defendants Haubert, Hempelman, Lachance, Lester and Holton, proceeded to beat him.

4. During the beating, officers pushed the Plaintiff's face into the cement walkway long after he had been handcuffed.

5. Defendant Boepsflug, the commanding officer, was present at the motel and directed the actions of the other officers who were present.

6. The beating was captured on videotape, although one officer kicked the video camera to the side before a "second wave" of beating.

7. For a period of 7 months after the beating occurred, the existence of the videotape was not disclosed by the Westminster Police Department.

8. Defendant Montgomery was the chief of police and was aware of the videotape. He first denied that the videotape existed, then later admitted that it existed but claimed that the use of force was justified.

9. After the incident at the motel, many of the Defendants wrote reports which contained false and misleading information. (However, there is no evidence as to what information the reports contained, or why it was false.)

**C. Analysis**

The Defendants contend that the Plaintiff cannot present evidence to support his conspiracy claim or to support an award of damages for alleged brain and nerve injuries caused by the beatings . The Defendants also make a passing reference to the doctrine of qualified immunity, and argue simply that they are entitled to qualified immunity because the Plaintiff has

8

no evidence to support his conspiracy claim.[4]

The Plaintiff responds that there is evidence in the record to support his claims and injuries. The Plaintiff characterizes the record as including police reports, witness statements, and the videotape, and he makes repeated references to these materials in his response. Although these materials may be part of the "record" assembled by the Plaintiff during discovery, he produced none of these materials in response to the summary judgment motion. Thus, they are not part of the record before this Court, and the Court cannot consider them.

In accordance with the Court's ruling, *supra*, the Plaintiff has two conspiracy claims: (1) that Defendants Haubert, Hempelman, Lachance, Lester, Holton and Boepsflug conspired to use excessive force against him, and (2) that all Defendants conspired to cover up the assault. To establish a *prima facie* claim of conspiracy under 42 U.S.C. § 1983, the Plaintiff must make a factual showing for each of the following elements: (1) a shared conspiratorial objective (the agreement to deprive the Plaintiff of a constitutional or statutory right); (2) concerted action by the Defendants; and (3) an actual deprivation of rights. *Snell,* 920 F.2d at 702. Evidence of an express agreement is not required; proof of an agreement can arise from the actors' conduct. *Id.*

As to all of Plaintiff's claims, the Court is required to construe the evidence most favorably to the Plaintiff. Had nothing been presented by the Defendants, there would be nothing to construe. However, by presenting the statements of the Plaintiff, the Defendants have created an evidentiary record which, for purposes of this motion, the Court construes most favorably to

---

[4] The Court doubts that this casual and isolated reference to the doctrine of qualified immunity is sufficient to invoke it. Because the assertion of qualified immunity is tied to the viability of the Plaintiff's conspiracy claim, and this Court finds that there is sufficient evidence to require a trial, it can be asserted at that time.

the Plaintiff.

As to the first conspiracy claim, the unrebutted evidence is that the Plaintiff was beaten by several police officers, including Defendants Haubert, Hempelman, Lachance, Lester and Holton, outside of the motel room he had exited and been taken into custody. Furthermore, the evidence is that Defendant Boepsflug either directed or observed, but did not take any action to stop the beating. Due to the number of officers involved, the concerted nature of their actions, the continuation of the beating beyond the point that the Plaintiff was taken into custody and Defendant Boepflug's direction or failure to stop it, a reasonable jury could infer that the officers either expressly or tacitly agreed to use excessive force against the Plaintiff. *Cf. Hafner*, 983 F.2d at 577-78. Although there may be other interpretations of such evidence, and other evidence presented to contradict the statements of the Plaintiff, this evidence is sufficient to present a factual issue for trial.

As to the Plaintiff's second conspiracy claim, the unrebutted evidence is that one officer kicked over the video camera before the second beating, and that Defendant Boepsflug directed the actions of the officers at the scene. Thereafter the Westminster Police Department – for whom Defendant Montgomery was the chief of police – did not disclose the videotape's existence for a period of 7 months. The evidence is that Defendant Montgomery first denied that the videotape existed, then later admitted that it existed but claimed that the use of force was justified. Such evidence is sufficient to require a trial on the Plaintiff's claim that all Defendants conspired to cover up the use of excessive force.

To the extent that the Defendants seek judgment on the Plaintiff's "damages claims of brain and nerve damage," there is no such "claim" in this lawsuit. It is not clear whether this

10

argument pertains to the existence of an injury, whether it pertains to causation, or whether the Defendants seek an order precluding the admission of particular evidence at trial. In the absence of a clear argument, the Court denies the motion.

**IT IS THEREFORE ORDERED** that:

(1) The Defendants' motion to dismiss Claim 2 **(#44)** is **GRANTED IN PART and DENIED IN PART**. Claim 2 against Defendant Montgomery is limited to a claim that he conspired to cover up the alleged assault on the Plaintiff.

(2) The Defendants' motion for partial summary judgment **(#68)** is **DENIED**.

(3) The Claims remaining in this action are **Claim 1** (excessive force against Defendants Haubert, Hempelman, LaChance, Lester, and Holton), **Claim 2a** (conspiracy to use excessive force against Defendants Haubert, Hempelman, LaChance, Lester, Holton, and Boepsflug), **Claim 2b** (conspiracy to cover up the use of excessive force against all Defendants), **Claim 3** (assault and battery against Defendants Haubert, Hempelman, LaChance, Lester, and Holton) and **Claim 4** (infliction of emotional distress against Defendants Haubert, Hempelman, LaChance, Lester, and Holton).

Dated this 24th day of January, 2008

          **BY THE COURT:**

          _____
          Marcia S. Krieger
          United States District Judge