IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00853-MSK-BNB

GERALD KENNETH JORGENSEN,

  Plaintiff,

v.

POLICE CHIEF DAN MONTGOMERY, individually and as an
 employee of the City of Westminister,
EUGENE BOEPSFLUG, Commander of Swat Team, individually and as an
 employee of the City of Westminster,
OFFICER NORMAN HAUBERT,
OFFICER BRIAN HEMPELMAN,
OFFICER SCOTT LACHANCE,
OFFICER DAVID LESTER, and
DETECTIVE STEVE HOLTON,
 all individually and as employees of the city of Westminster,

  Defendants.
_____

**OPINION AND ORDER DENYING MOTION TO MODIFY PRETRIAL ORDER**
_____

  **THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Modify Pretrial Order **(# 113)**, the Defendants' response **(# 119)**, and the Plaintiff's reply **(# 120)**.

  The Plaintiff seeks leave to modify the pretrial order in this case to list Dr. William Hansen as an expert witness. It is undisputed that the Plaintiff's prior counsel did not endorse Dr. Hansen as an expert under Fed. R. Civ. P. 26(a)(2) during the discovery phase of this case, and that no deposition of Dr. Hansen has ever been taken by the Defendants.[1] The crux of the

---

[1]The record reflects that, in September 2007, the Plaintiff's former counsel expressly advised the Defendants that the Plaintiff would not be calling Dr. Hansen at trial, and the

1

current motion is that the Plaintiff's current counsel, having entered this action on July 15, 2008, disagrees with the strategic decisions of the Plaintiff's prior counsel as it relates to the need for Dr. Hansen's testimony.

Under Fed. R. Civ. P. 16(e), a pretrial order may only be amended "to prevent manifest injustice."[2] The party seeking to amend bears the burden to show that manifest injustice would occur if amendment is not permitted. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002). In considering whether manifest injustice would result absent amendment, the Court considers for factors: (i) the prejudice or surprise to the party opposing amendment; (ii) the ability of that party to cure the prejudice; (iii) the extent to which the proceedings would be disrupted by the amendment; and (iv) the bad faith, if any, of the party seeking to amend. *Id.* at 1210.

---

Defendants therefore agreed not to proceed with an anticipated deposition of Dr. Hansen.

[2]Through an apparent oversight, the parties' Revised Proposed Pretrial Order was never formally entered by the Court. Simultaneously with this Order, the Court approves the Revised Proposed Pretrial Order, *nunc pro tunc* to February 14, 2008, the date it was submitted by the parties.

Retroactive entry of the Pretrial Order does not materially affect the consideration of the instant motion. The Court notes that both the Plaintiff's motion and reply appear to assume that the Pretrial Order was formally entered, as both briefs recite the "manifest injustice" standard as that which the Plaintiff is required to meet. Neither party has taken position that some other analysis is required because the Pretrial Order had not yet been formally approved.

Even assuming that it was improper to apply the "manifest injustice" standard of Rule 16(e), the Court would treat the instant motion as one under Rule 16(b), seeking to modify the Scheduling Order to reopen discovery and permit the Plaintiff to timely designate Dr. Hansen as an expert. The same four-factor analysis governing Rule 16(e) motions applies with equal force to Rule 16(b) motions. *See Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 978-79 & n. 1 (10th Cir. 1996) ("Although the [factors address] the modification of a final pretrial order, we discern no reason why it should not also apply to a decision to modify a scheduling order before a final pretrial order has been entered").

Here, the Court finds that allowing the Plaintiff to designate Dr. Hansen as a new expert at this time would result in significant prejudice to the Defendants. First, and most importantly, allowing the late endorsement of Dr. Hansen would deprive the Defendants of the opportunity to engage in discovery with regard to Dr. Hansen's opinion, as well as to challenge the foundations of his opinions through a hearing pursuant to Fed. R. Evid. 702. In addition, it would deprive the Defendants of the opportunity to designate their own expert to rebut the opinions of Dr. Hansen. This prejudice is particularly acute insofar as the Plaintiff's prior counsel expressly disclaimed any intent to call Dr. Hansen as a witness at trial. The Defendants are entitled to rely on that representation and to structure their case with the expectation that Dr. Hansen's opinions would not be presented.

The Court also finds that the Defendants lack a meaningful ability to cure that prejudice. Trial in this matter is set for September 15, 2008. That date was less than six weeks away when the Plaintiff's motion was filed, and is less than two weeks away now, when the motion has become fully briefed. The Plaintiff acknowledges that it would be appropriate to permit the Defendants an opportunity to depose Dr. Hansen in advance of trial, but that is insufficient to fully cure any prejudice for several reasons. First, trial in this matter is only days away. Directing that a deposition of Dr. Hansen occur prior to trial would be unduly disruptive to both sides' ability to devote their attentions to final preparations for trial. Moreover, a deposition alone is insufficient to cure the prejudice to the Defendants of the untimely designation of Dr. Hansen as an expert. The Defendants must also be permitted time to evaluate Dr. Hansen's opinions and testimony to determine whether a rebuttal expert may be necessary, to designate such a rebuttal expert, to allow that rebuttal expert time to prepare a report, and to allow the

Plaintiff an opportunity to depose the rebuttal expert. Obviously, these time-consuming steps cannot be accomplished in the brief amount of time available before trial begins on September 15. Accordingly, this factor tips strongly against granting leave to amend the Pretrial Order

The Court finds that, at least in the abstract, allowing amendment to the Pretrial Order would not unduly delay the scheduled trial date. However, for the reasons discussed above, effectively curing the prejudice to the Defendants would require a string of acts that could not possibly be accomplished prior to trial, and would necessarily require vacatur and resetting of the trial date. Given the Court's already congested calendar, trial in this matter would be postponed for at least six months, working a hardship on both the parties and the Court. Accordingly, this factor tips slightly against allowing amendment of the Pretrial Order.

Finally, the Court turns to the bad faith *vel non* of the Plaintiff. The Court finds that the Plaintiff's current counsel, Mr. Thomson, filed the instant motion within weeks of entering an appearance in this case, which dispels any suggestion that the request for leave to amend, at least insofar as it relates to Mr. Thomson, is in bad faith. However, this is not the end of the inquiry into this factor. The Court's records indicate that the Plaintiff is currently represented by two counsel: Mr. Thomson and Mr. McFarlane. Mr. McFarlane has been the Plaintiff's counsel since the inception of this matter; his name appears on the original Complaint **(# 1)**, the Amended Complaint **(# 17)**, the proposed Scheduling Order **(# 10)**, motions relating to expert witness matters **(# 53, 54, 60)**, and on the proposed Pretrial Orders.[3] Moreover, and perhaps more importantly, the September 2007 correspondence confirming the Plaintiff's intent not to call Dr.

---

[3]On many occasions, Mr. McFarlane is the only counsel signing a paper on behalf of the Plaintiff.

4

Hansen as a witness is directed to Mr. McFarlane. The record reflects that Mr. McFarlane has taken an active role on behalf of the Plaintiff throughout this litigation, and indeed, appears to have been involved in the decision(s) to not designate Dr. Hansen as a witness. Thus, the Court cannot find that the Plaintiff has shown that the request for leave to designate Dr. Hansen as an expert at this late date is made entirely in good faith.[4]

Taking all of the factors together, the Court finds that the Plaintiff has not carried his burden of showing that leave to amend the Pretrial Order should be granted. Accordingly, the motion **(# 113)** is **DENIED**.

Dated this 3d day of September, 2008

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[4] In this respect, the Court rejects the Plaintiff's attempt to blame his prior co-counsel, Mr. Henry, for the decision not to call Dr. Hansen, and also rejects the Plaintiff's argument that not permitting amendment would be "punish[ing]" the Plaintiff "for the actions of his previous counsel." The record indicates that Mr. McFarlane was also representing the Plaintiff at all times when decisions not to identify Dr. Hansen as a witness were made.

5