IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00853-MSK-BNB

GERALD KENNETH JORGENSEN,

    Plaintiff,

v.

POLICE CHIEF DAN MONTGOMERY, individually and as an
   employee of the City of Westminister,
EUGENE BOEPSFLUG, Commander of Swat Team, individually and as an
   employee of the City of Westminster,
OFFICER NORMAN HAUBERT,
OFFICER BRIAN HEMPELMAN,
OFFICER SCOTT LACHANCE,
OFFICER DAVID LESTER, and
DETECTIVE STEVE HOLTON,
   all individually and as employees of the city of Westminster,

    Defendants.

---

## OPINION AND ORDER GRANTING, IN PART, MOTION
## TO REVIEW TAXATION OF COSTS

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Review of Taxation of Costs **(# 162)**, the Defendants' response **(# 170)**, and the Plaintiff's reply **(# 172)**.

In this action, the Plaintiff asserted claims of excessive force under 42 U.S.C. § 1983, arising from his arrest by the Defendants. The action was tried to a jury in September 2008, and the jury returned a verdict in favor of the Defendants. Pursuant to Fed. R. Civ. P. 54(d)(1), the Court entered Judgment **(# 154)** in favor of the Defendants, including costs. The Defendants filed a Bill of Costs **(# 156)** seeking $ 21, 469.77 in taxable expenses, and the Clerk of the Court

ultimately taxed costs **(# 157)** of $ 16,262.06 in the Defendants' favor.

The Plaintiff then filed the instant motion **(# 162)** seeking review of the Clerk's award of costs, raising three arguments: (i) that the Court should deny taxation of all costs as a result of the Plaintiff's indigence and good faith in bringing this action; (ii) that the Court should deny taxation of $ 2,129.72 in costs relating to deposition transcripts because such transcripts were not "necessarily obtained for use in the case," 28 U.S.C. § 1920(2); and (iii) that the Court should deny taxation of $ 13,063.50 in costs relating to the creation and duplication of various video exhibits used at trial on the grounds that such evidence was not "necessarily obtained" for use in the case.

Turning first to the Plaintiff's indigence as a grounds for denying costs, Fed. R. Civ. P. 54(d) provides that costs are awarded to a prevailing party as a matter of course, unless the Court directs otherwise. The Plaintiff's indigence is a factor that must be considered in determining whether the Plaintiff has carried his burden of overcoming the Defendants' presumptive entitlement to costs, but it is by no means dispositive. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). At the same time, the Court is mindful that the Federal Rules of Civil Procedure presume that costs will be awarded in most cases, and indeed, Congress has specifically provided that litigants proceeding *in forma pauperis* shall be liable for costs in the same manner "as in other proceedings." 28 U.S.C. § 1915(f)(1); *Sandle v. Principi*, 201 Fed.Appx. 579, 583 (10th Cir. 2006).

Ultimately, the question is one of fairness, and in this regard, the Court makes several observations. First, it is inevitable that <u>someone</u> must bear the costs associated with litigation; if the Court denies costs because of the Plaintiff's indigence, that finding necessarily entails a

conclusion that it is more fair for the Defendants to be saddled with those costs. However, the Plaintiff does not point to circumstances that would suggest that, as between these two sides, it is more equitable that the Defendants bear those costs. Indeed, the only justifications he urges are his own indigence and his good faith in asserting the claims herein. As to the former, the Plaintiff points to nothing that the Defendants have done that caused or exacerbated his indigence, and as to the latter, the Court assumes that, consonant with their ethical and civic obligations, all parties to this action litigated it in good faith.

Second, as noted above, Rule 54(d) and various other legislative enactments represent a general societal preference that the costs of unsuccessful litigation should be borne by the losing party, even if that party may be indigent. If Congress intended to abrogate and modify a prevailing party's presumptive entitlement to costs when the losing party was indigent, it could have done so in the *in forma pauperis* statute. The fact that Congress directed that indigent litigants will generally be liable for costs "as in other proceedings" strongly suggests that Congress does not consider indigence, alone, to be particularly strong cause for refusing to award costs.

Third, the Court notes that it was the Plaintiff who elected to initiate this suit, and thus, was the precipitating cause of the Defendants incurring the costs. In this regard, a passage from *Sutton v. Corrections Corp. of America*, 2008 WL 4059894 (D. Colo. Aug. 29, 2008) (unpublished), *citing McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994), is persuasive: "just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must prisoners like plaintiff learn to exercise discretion and judgment in their litigious activity and accept the consequences of their

costly lawsuits." Indeed, because the *in forma pauperis* statute frees them from the obligation of paying filing fees, costs of service, etc., the specter of a judgment for costs is one of the few mechanisms that serve to check and moderate the litigiousness of indigent parties.

Finally, the Court notes that, by his own admission, the primary cause of the Plaintiff's indigence is his frequent and present incarceration. Even assuming that the Plaintiff's criminal history might not necessarily be a proper consideration when balancing the equities, his present incarceration ensures that his basic needs for food, clothing, and shelter will be provided for even if he is subject to an outstanding judgment for costs. And with approximately 50 years of undischarged sentences remaining to be served by the Plaintiff, it is unlikely that a cost judgment against him will interfere with his reintegration into society.

Accordingly, while the Court acknowledges the Plaintiff's indigence (as well as his good faith pursuit of the claims here) as a circumstance weighing against awarding costs to the Defendants, the Court finds that on balance, he has failed to overcome the general presumption that costs should be awarded to the prevailing party.

The Court then turns to the question of whether the particular items of costs challenged by the Plaintiff are properly taxed. Pursuant to 28 U.S.C. § 1920, costs are generally taxable only when the item in question was "necessarily obtained for use in the case." With regard to the costs of the deposition transcripts, the Plaintiff relies almost entirely by a prior decision of this Court for the proposition that deposition transcripts obtained in anticipation of trial do not meet the definition of "necessarily obtained." *Citing Gruppo v. FedEx Freight Systems, Inc.*, 2008 WL 3211287 (D. Colo. Aug. 6, 2008) (unpublished). However, the situation in *Gruppo* is not analogous. There, the depositions in question had not been used at trial, and the Court was

forced to consider whether the decision to obtain them prophylactically in advance of trial was sufficient to render them "necessary."  *Id.* at * 5 ("Defendant concedes that it did not actually use Mr. Drew's deposition transcript at trial. . . At best, the Defendants have only established that they obtained Mr. Drew's deposition out of an unfounded abundance of caution").  By contrast, the Defendants contend that the depositions at issue here were used at trial to impeach the witnesses, a contention the Plaintiff does not refute.  When a deposition is actually used at trial to impeach a witness, that alone is sufficient basis to conclude that the deposition was "necessarily obtained."  *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983) ("if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude that they were necessarily obtained").  Accordingly, the Court finds that the Clerk properly taxed the costs of the depositions in this case.

The Plaintiff's remaining challenge concerns two items of costs relating to the creation of certain audio and video exhibits. Some $ 3,120 in costs was taxed for "visually and audibly enhanc[ing] the arrest video" in exhibits that were used at trial.  In addition, $9,943.50 was incurred to create five additional exhibits that "included red outlines of each named Defendant involved in the arrest" in order to "isolate each Defendant's conduct" or exhibits that created "a red circle around Plaintiff's free hands as shown during the arrest sequence," as well as transcribing and synchronizing audio dialogue that was occurring on the video recording.  The Defendants contend that these expenses constitute costs of "exemplification," recoverable under 28 U.S.C. § 1920(4).  The Court has some doubt that the term "exemplification" reaches so far. *See Summit Technology, Inc. v. Nidek Co.*, 435 F.3d 1371, 1375-77 (Fed. Cir. 2006) *and cases cited therein* (noting the majority rule affords a narrow definition to the term "exemplification,"

reaching only to certifying copies of public documents).  Even assuming that the 10th Circuit would embrace a more expansive definition, *see e.g. Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997) (abrogating rule that models, maps, etc. could be taxed as costs only if previously authorized by the court in favor of a rule that allowed trial court discretion to tax costs of "trial exhibits"), this Court would nevertheless deny taxation of these costs.

In *Burton v. R.J. Reynolds Tobacco Co.*, 395 F.Supp.2d 1065, 1085 (D. Kan. 2005), the court declined to tax costs of creating "animations" that "illustrated the expert testimony" of two doctors.  The court explained that the animations were "impressive, helpful, and informative," and made presentation of that evidence "more effective and efficient," but that they were not "necessary" and therefore not taxable.  *Id.*; *see also Manildra Mill. Cor. v. Ogilvie Mills, Inc.*, 878 F.Supp. 1417, 1428 (D. Kan. 1995) (refusing to tax costs for enlargements and transparencies that were "merely illustrative of expert testimony"); *compare United Int'l. Holdings, Inc. v. Wharf (Holdings), Inc.*, 174 F.R.D. 479, 483 (D. Colo. 1997) (taxing costs for demonstrative exhibits that were "not merely illustrative" but were "necessary for the jury to follow the testimony" in a complex case).

This Court concludes that the video evidence at issue here, like the animations in *Burton*, were certainly impressive and helpful in conveying the Defendants' theory of the case, but they were not "necessary" in light of the availability of the raw video footage.  In highlighting certain portions of the audio or video in each exhibit, the Defendants were simply illustrating what their witnesses were testifying to and drawing the jury's attention to a particular aspect of the evidence, much in the same way that argument does.  This is certainly "more effective and efficient" than simply referring to the raw video footage, but as *Burton* makes clear,

effectiveness and efficiency do not substitute for necessity. Accordingly, the Court declines to tax the costs of the video and audio enhancement against the Plaintiff, and reduces the amount of costs taxed by the Clerk by $ 13,063.50.

For the foregoing reasons, the Plaintiff's Motion to Review Taxation of Costs **(# 162)** is **GRANTED IN PART**, insofar as the Court has reviewed the costs taxed and finds that $13,063.50 in fees for video and audio enhancement are not properly taxed against the Plaintiff, and **DENIED IN PART**, insofar as the Court finds that the proper amount of costs to be taxed against the Plaintiff is $ 3,198.56. The Judgment **(# 154)** is **DEEMED AMENDED** to include an award of costs in favor of the Defendants and against the Plaintiff in the amount of $3,198.56.

Dated this 31st day of May, 2009

**BY THE COURT:**

*/s/ Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge